# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHAD RICHARD AFFOLTER, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | No. 4:13CV01413 ERW |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

### Procedural History

On November 1, 2006, movant pled guilty to conspiracy to distribute and possess with the intent to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1) and 846, and being an unlawful drug user in possession of a firearm, 18 U.S.C. § 922(g)(3). On January 19, 2007, the Court sentenced movant to a total term of 135 months' imprisonment[1] and five years supervised release. Movant did not appeal.

---

[1] Movant was sentenced to a total term of 135 months' imprisonment: the sentenced consisted of 135 months' imprisonment on Count I and 120 months'

## Legal Standard

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

>(1) the date on which the judgment of conviction becomes final;

>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006).

---

imprisonment on Count IV, all terms to be served consecutively.

However, before dismissing a habeas action as time-barred, the court must provide notice to the movant.  Id.

## Discussion

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal.  An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires.  Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005).  In this case, the judgment became final ten days after the judgment was entered on January 19, 2007.  Fed. R. App. Proc. 4(b)(1)(2007).  As a result, the one-year period of limitations under § 2255 expired on about January 29, 2007.  The instant motion was signed by movant on July 13, 2013.

Movant argues that "the Court has jurisdiction under new law ruling," Alleyne v. United States, 133 S.Ct. 2151 (2013), and thus should be timely under 28 U.S.C. § 2255(f)(3).  In Alleyne, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury.  The Court resolved Alleyne on direct, rather than collateral review, and it did not declare that its new rule applied retroactively on collateral attack.

-3-

Alleyne enunciates a rule of constitutional law. "[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, **pending on direct review or not yet final**, with no exception for cases in which the new rule constitutes a 'clear break' with the past." Griffith v. Kentucky, 479 U.S. 314, 328 (1987) (emphasis added). Generally, however, constitutional rules are not applied to cases, such as this one, being considered on collateral review. Teague v. Lane, 489 U.S. 288, 303 (1989). "Unless they fall within an exception to the general rule, new rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." Id. at 310.

"Two exceptions to the Teague rule, however, permit the retroactive application of a new rule whenever: 1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense; or 2) the rule announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." In re Carl Green, 144 F.3d 384, 386 (6th Cir.1998), citing Caspari v. Bohlen, 510 U.S. 383, 396 (1994).[2]

---

[2]Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000). The Justices of the Supreme Court have decided that other rules based on Apprendi do not apply retroactively on collateral review. See Schriro v. Summerlin, 542 U.S. 348

This Court finds that Alleyne does not fall within either of the exceptions to the non-retroactivity rule, and declines to apply Alleyne in this § 2255 proceeding.

Moreover, even if Alleyne could be found to be retroactive, it simply does not apply to movant. Movant entered a guilty plea and specifically entered into a plea agreement with the Government finding that his total offense level for Count I would be 33 and his total offense level for Count IV would be either 12, 17 or 21, depending upon his criminal history. After his criminal history was investigated and found to be a Category I, his total offense level, together, was calculated to be a 33, with an imprisonment range of 135 months to 168 months. Thus, movant received the minimum sentence for his total offense level and no facts were used to enhance that minimum sentence. Thus, Alleyne cannot be said to be applicable to his situation even if it were available to him in these proceedings. See, e.g., U.S. v. Wimberly, No: 12-2210, 2013 WL 3214988, *1 (6th Cir. June 26, 2013).

As such, the Court finds that movant's motion to vacate appears to be time-barred. Movant shall be allowed twenty-one (21) days from the date of this Memorandum and Order to show cause why the motion should not be summarily dismissed.

---

(2004).

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed.

So Ordered this 26th day of July, 2013.

*/s/ E. Richard Webber*

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE