UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHAD RICHARD AFFOLTER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:13CV01413 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's response to the July 26, 2013 Order to Show Cause why his motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255 should not be summarily dismissed as time-barred. Movant filed his response on August 5, 2013. Having carefully reviewed movant's response, the Court concludes that his arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2255.

### Procedural History

As noted in the Court's prior Memorandum and Order, in November of 2006, movant pled guilty to conspiracy to distribute and possess with the intent to distribute methamphetamine and being an unlawful drug user in possession of a firearm. On January 19, 2007, the Court sentenced movant to a total term of 135 months' imprisonment and five years supervised release. Movant did not appeal.

**Discussion**

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal.  An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires.  Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005).  In this case, the judgment became final ten days after the judgment was entered on January 19, 2007.  Fed. R. App. Proc. 4(b)(1)(2007).  As a result, the one-year period of limitations under § 2255 expired on about January 29, 2007.  The instant motion was signed by movant on July 13, 2013.

Despite having filed his motion to vacate more than six years late, movant argues that the Court should consider his motion timely under the new Supreme Court case, Alleyne v. United States, 133 S.Ct. 2151 (2013), and 28 U.S.C. § 2255(f)(3).

In Alleyne, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury.  As this Court pointed out to movant in its prior Memorandum and Order, the Supreme Court resolved Alleyne on direct, rather than collateral review, and the Court did not declare that its new rule applied retroactively on collateral attack.  The Court then reviewed the retroactivity analysis in full and found that Alleyne does not fall within either of the exceptions to

the non-retroactivity rule.  Movant's arguments to the contrary in his response to the Show Cause Order have not convinced the Court otherwise.  Thus, the Court declines to apply Alleyne to movant's case.

Moreover, even if Alleyne could be found to be retroactive, it simply does not apply to movant.  Movant entered a guilty plea and specifically entered into a plea agreement with the Government finding that his total offense level for Count I would be 33 and his total offense level for Count IV would be either 12, 17 or 21, depending upon his criminal history.  After his criminal history was investigated and found to be a Category I, his total offense level, together, was calculated to be a 33, with an imprisonment range of 135 months to 168 months. Thus, movant received the minimum sentence for his total offense level and no facts were used to enhance that minimum sentence. Thus, Alleyne cannot be said to be applicable to his situation even if it were available to him in these proceedings.  See, e.g., U.S. v. Wimberly, No: 12-2210, 2013 WL 3214988, *1 (6th Cir. June 26, 2013).

As such, the Court finds that movant's motion to vacate is time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence, brought pursuant to 28 U.S.C. § 2255 [Doc. #1] is **DENIED AND DISMISSED AS TIME-BARRED**.

**IT IS FURTHER ORDERED** that no Certificate of Appealability shall issue.

So Ordered this 13th day of August, 2013.

*/s/ E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE